## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Kelly Haskell**, | |
| Plaintiff, | Case No. |
| v. | |
| **Charter Communications, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kelly Haskell** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Charter Communications, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Ohio.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Perrysburg, Ohio 43551.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 400 Atlantic Street Stamford, Connecticut 06901.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant placed calls to Plaintiff on her cellular phone for solicitation purposes.

13. Plaintiff has never visited Defendant's website and did not request information about its telephone, internet or phone packages.

14. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded message.

15. Plaintiff knew Defendant was calling using an automated telephone dialing system and/or pre-recorded message as its calls began with a pre-recorded message before a live person came on the telephone.

16. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

17. Plaintiff requested Defendant stop calling her soon after the solicitation calls began.

18. Plaintiff also sent correspondence to Defendant indicating that its actions were in violation of the TCPA.

19. Plaintiff has been on the Do Not Call Registry since October of 2003.

14. Despite Plaintiff's request for calls to cease, correspondence indicating its actions were in violation of the TCPA, and being on the Do Not Call Registry since 2003, Defendant persisted in calling Plaintiff.

15. Defendant's calls were bothersome, disruptive and frustrating for Plaintiff to endure.

16. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

17. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

19. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

20. Defendant's calls were not made for "emergency purposes."

21. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

22. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2003.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

25. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2003.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Kelly Haskell,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Kelly Haskell,** demands a jury trial in this case.

Respectfully submitted,

Dated: 12/28/20

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 267-468-7660
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com